## Abstract of the Decision.

THEATERS AND SHOWS, § 4*—*when death of spectator at motor-dome is shown not to be due to negligence.* In an action to recover for the death of a spectator of motorcycling in defendant fair association's motordome, due to a motorcycle rider being precipitated over the guardrail while deceased was standing on a walk at the top of the motordome at a place not reserved for spectators, evidence *held* insufficient to show that the motordome or motorcycle were defective or that the driver was incompetent, and that the death of deceased was not due to any negligence of defendant, there being evidence that some cigar ashes fell into the pit and got into the driver's eyes, causing him to lose control over the machine and to be hurled from it, causing the injuries.

---

## Moorman Manufacturing Company, Appellant, v. Frank Wilson, Appellee.

### Gen. No. 6,497.   (Not to be reported in full.)

Appeal from the City Court of Kewanee; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed February 12, 1918.

### Statement of the Case.

Action by Moorman Manufacturing Company, plaintiff, against Frank Wilson, defendant, to recover $42 as the price of 600 pounds of Moorman Hog Remedy sold to defendant by plaintiff's agent. From a judgment for defendant, plaintiff appeals.

The action was commenced before a justice of the peace, where judgment was for the plaintiff. On appeal, defendant had judgment for costs on verdict of a jury.

CHARLES E. MULLIGAN, for appellant.

JAMES H. ANDREWS, for appellee; HARVEY J. CARSON, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Moorman Mfg. Co. v. Wilson, 209 Ill. App. 104.

Mr. Justice Niehaus delivered the opinion of the court.

## Abstract of the Decision.

1. Sales, § 314*—*when no recovery may be had for article worthless for purpose intended.* In an action to recover from the defendant the purchase price of a certain hog remedy sold him by plaintiff, plaintiff could not recover if the remedy was worthless for the purpose for which it was sold.

2. Sales, § 328*—*what are questions for jury in action to recover purchase price of hog remedy.* In an action to recover the purchase price of a certain hog remedy sold by plaintiff to defendant, *held* that whether the remedy was fed by defendant to his hogs according to directions given him and whether it had the effect upon his hogs stated by him were questions for the jury.

3. Sales, § 329*—*when shown that hog remedy did not have represented effect.* Evidence *held* sufficient to warrant a finding that a certain hog remedy sold by plaintiff to defendant was sold upon certain representations as to its effect upon hogs and that it did not have such effect upon defendant's hogs.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.